**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Heather Douglas, individually and as mother and guardian for A.D., a minor,**<br><br>　　Plaintiff,<br><br>v.<br><br>**Brittain Resorts & Hotels, LLC,**<br>**Caribbean Resort & Villas,**<br><br>　　Defendants. | **Case No.:**<br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Heather Douglas, individually and as mother and guardian for A.D., a minor (hereinafter "Plaintiffs"), by and through their undersigned counsel, brings this action against Brittain Resorts & Hotels, LLC and Caribbean Resort & Villas, (hereinafter "Defendants") based upon the allegations set forth below.

## PARTIES, JURISDICTION, & VENUE

1.　　Plaintiffs are citizens and residents of Robeson County, North Carolina.

2.　　Upon information and belief, Brittain Resorts & Hotels, LLC is a domestic corporation organized and existing in Horry County, South Carolina.

3.　　Upon information and belief, Caribbean Resorts & Villas is a commercial property owned and operated by Brittain Resorts & Hotels, LLC in Horry County, South Carolina.

4.　　Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5.　　Defendants Brittain Resorts and Hotels, LLC and Caribbean Resort and Villa are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

6. The Court has subject-matter jurisdiction over the claims in this lawsuit and personal jurisdiction over Defendants.

7. Venue is proper in the Florence Division because the incident complained of by Plaintiffs occurred in Horry County, South Carolina.

## FACTUAL ALLEGATIONS

8. This action concerns the negligence, carelessness, recklessness and/or gross negligence of the Defendants.

9. Defendant Brittain Resorts and Hotels, LLC operates resorts and hotels along the Horry County coast, including Caribbean Resort and Villas.

10. At all times relevant to this action, Defendants held Caribbean Resort and Villas out to be "family-friendly" with a "Quality Assurance Program" to ensure the accommodations are at the "highest standards."

11. Defendants advertised via the website www.caribbeanresort.com that the top priority at Caribbean Resort and Villas was Guest Safety. Specifically, the website page noted that "Our pool chemicals, especially the disinfecting agent (Chlorine) will be maintained at proper levels at all times."

12. Relying upon the quality assurance guarantees and priorities set forth to the public via the Caribbean Resort and Villas website, Plaintiffs were guests of Caribbean Resort and Villas from May 22 to May 25, 2020.

13. On May 25, 2020, Defendants entered the pools and lazy rivers and spent several hours swimming at the Caribbean Resort and Villas.

14. Shortly after exiting the pools, Plaintiff Heather realized A.D.'s groin and buttocks were red. She applied some lotion to A.D. and they left the Caribbean Resort and Villas to return

to their home in Lumberton, North Carolina.

15. On Tuesday, May 26, 2020, Plaintiff Heather noticed the affected areas of A.D.'s skin began to blister, and she took him to the pediatrician where he was prescribed Bactroban for the blisters.

16. On Wednesday, May 27, 2020, Plaintiff Heather took A.D. back to the pediatrician as the affected areas continued to worsen. A.D. was sent to the Emergency Department in the local hospital, and he was then transferred to the University of Chapel Hill Burn Center.

17. The rash and blisters were diagnosed as chemical burns related to exposure to an overchlorinated pool at the Caribbean Resort and Villas.

18. A.D. was admitted into the Burn Center for seven days during which he endured many sessions of painful debridement of the necrotic tissue. A.D. experienced loss of appetite, immobility, discomfort, fever, pain and nausea during the course of his treatment.

19. Plaintiff Heather was subjected to substantial medical costs as a result of the treatment received by A.D.

20. On May 27, 2020, Plaintiff Heather's mother contacted the South Carolina Department of Health and Environmental Control and reported that A.D. suffered chemical burns as a result of swimming in the pools at the Caribbean Resort and Villas. Shortly thereafter, DHEC inspected the pools and the area was temporarily closed after tests revealed the chlorine level of the Resort pools was dangerously high and not in compliance with state mandated standards for public pools.

21. By reason and in consequence of Defendants' aforesaid acts and/or omissions, Plaintiffs sustained past and future damages, including but not limited to:

    a. pain and suffering;

    b. permanent scarring;

    c. mental anguish;

    d. embarrassment;

    e. lost enjoyment of life;

    f. medical expenses;

    g. future medical expenses;

    h. future pain and suffering;

    i. future mental anguish;

    j. future embarrassment; and

    k. such other particulars as may be found through discovery or trial.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness)

22. Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

23. Plaintiffs are informed and believe Defendants were negligent, careless, reckless, and/or grossly negligent in at least one of the following ways:

    a. choosing not to oversee the chlorine level in the Carribean Resort and Villas pool;

    b. choosing not to monitor the chlorine level in the Carribean Resort and Villas pool;

    c. choosing not to adjust the chlorine level in the Carribean Resort and Villas pool;

    d. choosing not to comply with South Carolina standards;

    e. choosing to hire unqualified and untrained personnel;

    f. choosing not to adequately train personnel;

    g. choosing not to adequately monitor and supervise personnel;

    h. choosing to retain unqualified, unsafe personnel;

    i. choosing not to develop adequate policies and procedures;

    j. choosing not to follow policies and procedures;

    k. choosing not to use the degree of care and caution that a reasonably prudent driver would use under the circumstances; and

    l. in such other particulars, as may be found through discovery or trial.

24. By reason and in consequence of Defendants' aforesaid acts and/or omissions, Plaintiffs sustained serious damages, outlined in this Complaint, and incorporated into this cause of action.

## SECOND CAUSE OF ACTION:
### (Negligence Per Se Based on S.C. Code Ann. § 44-55-2340(c))

25. Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

26. Defendants had a statutory duty under S.C. Code Ann. § 44-55-2340(c) to maintain its swimming pools in a manner to provide water quality which is chemically and physically safe for swimming or its other intended use and assure that it is free from potential safety hazards to the users.

27. Defendants breached those duties by choosing to allow the chlorine level of its pools to rise above safe levels as established by DHEC regulations.

28. S.C. Code Ann. § 44-55-2340(c) is intended to protect people like Plaintiffs from the type of harm they suffered as a result of the Defendants breach.

29. Defendants' breach of these statutory duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

## THIRD CAUSE OF ACTION
### (Premises Liability)

30. Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

31. Plaintiffs were invitees to the Caribbean Resort and Villas and its amenities, including the pools and lazy rivers.

32. As invitees, Plaintiffs were owed a duty by Defendants to exercise ordinary care for the Plaintiffs' safety.

33. Defendants breached the duty of ordinary care by choosing to allow the chlorine level of its pools to rise above safe levels as established by DHEC regulations.

34. Defendants' breach of these duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

35. In addition to the actual damages shown above, Plaintiffs are entitled to punitive damages as well.

WHEREFORE, Plaintiffs prays that they recover (a) a judgment against the Defendants in an amount sufficient to compensate them for their actual damages as described above; (b) a judgment for an amount of punitive damages as authorized by law; (c) all costs associated with this action; and (d) such other relief as this Court may deem just and proper.

LAW OFFICE OF KENNETH E. BERGER, LLC

s/Joel S. Hughes_____
Kenneth E. Berger | kberger@bergerlawsc.com
Fed. Bar No. 11083
Joel S. Hughes | jhughes@bergerlawsc.com
Fed. Bar No. 09796
5205 Forest Drive

                                                Columbia, South Carolina 29206
                                                Telephone: (803) 790-2800
                                                Facsimile: (803) 790-2870

                                                *Attorneys for the Plaintiffs*

Columbia, South Carolina
June 11, 2021