**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Heather Douglas, Individually and as Mother and Guardian for A.D., a Minor,**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**Brittain Resorts & Hotels, LLC; Ocean Front Investors, LLC d/b/a/ Caribbean Resort & Villas; Hucks Pool Company, Inc.; Caribbean Oceanfront Tower Homeowners' Association, Inc.; Ally Management, Inc.**<br><br>  **Defendants.** | **Case No.: 4:21-cv-1773-RBH**<br><br><br>**THIRD AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

Heather Douglas, individually and as mother and guardian for A.D., a minor (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, brings this action against Brittain Resorts & Hotels, LLC, Ocean Front Investors, LLC d/b/a Caribbean Resort & Villas, Hucks Pool Company, Inc., Caribbean Oceanfront Tower Homeowners' Association, Inc., and Ally Management, Inc. based upon the allegations set forth below.

**PARTIES, JURISDICTION, & VENUE**

1.     Plaintiffs are citizens and residents of Robeson County, North Carolina.

2.     Upon information and belief, Brittain Resorts & Hotels, LLC (hereinafter Defendant Brittain) is a domestic corporation organized and existing in Horry County, South Carolina with links to Ocean Front Investors, LLC d/b/a Caribbean Resort & Villas.

3.     Upon information and belief, Ocean Front Investors, LLC d/b/a Caribbean Resort & Villas (hereinafter Defendant Caribbean Resort) is a domestic corporation organized and existing in Horry County, South Carolina. Ocean Front Investors, LLC purportedly owns and

operates the Caribbean Resort & Villas as a commercial property in Horry County, South Carolina.

4.     Upon information and belief, Hucks Pool Company, Inc. (hereinafter Defendant Hucks) is a domestic corporation organized and existing in Horry County, South Carolina.

5.     Upon information and belief, Caribbean Oceanfront Tower Homeowners' Association, Inc. (hereinafter Defendant Homeowners Association) is a domestic corporation organized and existing in Horry County, South Carolina.

6.     Upon information and belief, Ally Management, Inc. (hereinafter Defendant Ally Management) is a domestic corporation organized and existing in Horry County, South Carolina.

7.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

8.     Defendants are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

9.     At all times relevant to this action, persons acting on behalf of Defendant Brittain were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Brittain.

10.     At all times relevant to this action, Defendants Brittain is liable for the actions and/or omissions of its agents, servants, and/or employees, within the scope of their agency and/or employment with Defendant Brittain, under the doctrine of respondeat superior.

11.     At all times relevant to this action, persons acting on behalf of Defendant Caribbean Resort were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Caribbean Resort.

12.     At all times relevant to this action, Defendant Caribbean Resort is liable for the

actions and/or omissions of its agents, servants, and/or employees, within the scope of their agency and/or employment with Defendant Caribbean Resort, under the doctrine of respondeat superior.

13.     At all times relevant to this action, persons acting on behalf of Defendant Hucks were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Hucks.

14.     At all times relevant to this action, Defendant Hucks is liable for the actions and/or omissions of its agents, servants, and/or employees, within the scope of their agency and/or employment with Defendant Hucks, under the doctrine of respondeat superior.

15.     At all times relevant to this action, persons acting on behalf of Defendant Homeowners Association were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Homeowners Association.

16.     At all times relevant to this action, Defendant Homeowners Association is liable for the actions and/or omissions of its agents, servants, and/or employees, within the scope of their agency and/or employment with Defendant Homeowners Association, under the doctrine of respondeat superior.

17.     At all times relevant to this action, persons acting on behalf of Defendant Ally Management were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Ally Management.

18.     At all times relevant to this action, Defendant Ally Management is liable for the actions and/or omissions of its agents, servants, and/or employees, within the scope of their agency and/or employment with Defendant Ally Management, under the doctrine of respondeat superior.

19.     The Court has subject-matter jurisdiction over the claims in this lawsuit and personal jurisdiction over Defendants.

20.     Venue is proper in the Florence Division because the incident and most substantial acts complained of by Plaintiffs occurred in Horry County, South Carolina.

**FACTUAL ALLEGATIONS**

21.     This action involves the negligence, carelessness, recklessness, and/or gross negligence of the Defendants.

22.     Defendant Brittain and/or Defendant Caribbean Resort operate resorts and hotels along the Horry County coast, including Caribbean Resort & Villas, which has several pools available for use by guests.

23.     Upon information and belief, Defendant Hucks was hired by and contracted with, Defendant Caribbean Resort and Defendant Ally Management to assist in the performance of pool maintenance, including taking part in adding chemicals, monitoring chemical levels, and maintaining safe chemical levels for the pools at the Caribbean Resort & Villas. *See Plaintiffs Exhibit 1.*

24.     Upon information and belief, Defendant Ally Management participated in the management of Caribbean Resort & Villas pools, including pool maintenance and the monitoring of pool chemical levels. *See Plaintiffs Exhibit 1.*

25.     Upon information and belief, Defendant Homeowners Association participated in the operation and management of Caribbean Resort & Villas pools, including pool maintenance and the monitoring of pool chemical levels. *See Plaintiffs Exhibit 2.*

26.     At all times relevant to this action, Defendant Brittain and/or Defendant Caribbean Resort held Caribbean Resort & Villas out to be "family-friendly" with a "Quality Assurance Program" to ensure the accommodations are at the "highest standards."

27.     Defendant Brittain and/or Defendant Caribbean Resort advertised via the website

www.caribbeanresort.com that the top priority at Caribbean Resort & Villas was Guest Safety. Specifically, the website page noted that "Our pool chemicals, especially the disinfecting agent (Chlorine) will be maintained at proper levels at all times."

28.     Plaintiffs were invitees of Caribbean Resort & Villas from May 24 to May 25, 2020.

29.     On May 25, 2020, A.D. spent a substantial amount of time playing in the lazy river pool at Caribbean Resort & Villas.

30.     Later in the day on May 25, 2020, A.D.'s skin around his groin and buttocks became red.

31.     A.D.'s skin condition continued to get worse despite his mother's attempts to treat it with cream and Benadryl.

32.     A.D.'s skin remained unhealed, so his mother took him to Robeson Pediatrics on May 26 and 27, 2020.

33.     A.D. was also seen at Southeastern Regional Medical Center's (SRMC) emergency department on May 27, 2020.

34.     SRMC initiated a transfer of A.D. from its emergency department to the University of Chapel Hill (UNC) Jaycee Burn Center.

35.     A.D. was admitted into the UNC Burn Center for seven days during which he endured many sessions of painful debridement of burnt, necrotic tissue. A.D. experienced loss of appetite, immobility, discomfort, fever, pain, and nausea during the course of his treatment.

36.     UNC Jaycee Burn Center specialists ultimately diagnosed A.D. with chemical burns related to exposure from an overchlorinated pool at the Caribbean Resort & Villas.

37.     Booker T. King, MD, Director of the UNC Jaycee Burn Center, stated that to a reasonable degree of medical certainty, the burns suffered by A.D. on May 25, 2020 and treated

from May 27, 2020 until June 3, 2020 at the burn center were correctly categorized as chemical burns consistent with A.D. being exposed to elevated chlorine levels while playing in a hotel swimming pool. *See Plaintiff's Exhibit 3.*

38.     Plaintiff Heather Douglas was subjected to substantial medical costs as a result of the treatment A.D. was forced to undergo.

39.     On May 27, 2020, Heather's aunt contacted the South Carolina Department of Health and Environmental Control (DHEC) based on concerns over the safety of the pools at Caribbean Resort & Villas. Shortly thereafter, DHEC inspected the pools and temporarily closed them because tests revealed the chlorine level of the Caribbean Resort & Villas' pools was dangerously high and not in compliance with state mandated standards. *See Plaintiff's Exhibit 4.*

40.     By reason and in consequence of Defendants' aforesaid acts and/or omissions, Plaintiff A.D. sustained past, present, and future damages, including but not limited to:

    a.   pain and suffering;

    b.   permanent scarring and disfigurement;

    c.   psychological trauma;

    d.   mental anguish;

    e.   apprehension;

    f.   anxiety;

    g.   embarrassment;

    h.   lost enjoyment of life; and

    i.   such other particulars as may be found through discovery or trial.

41.     By reason and in consequence of Defendants' aforesaid acts and/or omissions, Plaintiff Heather Douglas sustained past, present, and future damages in the form of medical expenses.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence/Recklessness as to All Defendants)**

42.     Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

43.     Plaintiffs are informed and believe Defendant Brittain, Defendant Caribbean Resort, Defendant Hucks, Defendant Homeowners Association, and/or Defendant Ally Management were negligent, careless, reckless, and/or grossly negligent in at least one of the following ways:

    a.  choosing not to maintain safe, legal chlorine and pH levels in the Caribbean Resort & Villas pools;

    b.  choosing not to adequately monitor chlorine and pH levels in the Caribbean Resort & Villas pools;

    c.  choosing to add a dangerous level of chlorine and other pool chemicals to the Caribbean Resort & Villas pools;

    d.  choosing to allow a dangerous level of chlorine to be added to the Caribbean Resort & Villas pools;

    e.  choosing to hire unqualified, untrained personnel;

    f.  choosing not to adequately train personnel;

    g.  choosing not to adequately monitor and supervise personnel;

    h.  choosing to retain unqualified, unsafe personnel;

i.  choosing not to develop adequate policies and procedures;

j.  choosing not to follow policies and procedures;

k.  choosing not to use the degree of care and caution that a reasonably prudent corporate entity would use under the circumstances; and

l.  in such other particulars, as may be found through discovery or trial.

44.  By reason and in consequence of Defendant Brittain, Defendant Caribbean Resort, Defendant Hucks, Defendant Homeowners Association, and/or Defendant Ally Management's aforesaid acts and/or omissions, Plaintiffs sustained serious damages, outlined in this Complaint, and incorporated into this cause of action.

**SECOND CAUSE OF ACTION:**
**(Negligence Per Se Based on S.C. Code Ann. § 44-55-2340(c) as to all Defendants)**

45.  Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

46.  Defendants had a statutory duty under S.C. Code Ann. § 44-55-2340(c) to maintain the swimming pools in a manner to provide water quality which is chemically and physically safe for swimming or its other intended use and assure that it is free from potential safety hazards to the users.

40.  Defendants breached those duties by choosing to allow the chlorine and pH level of its pools to rise to dangerous, illegal levels in violation of state law.

41.  S.C. Code Ann. § 44-55-2340(c) is intended to protect people like A.D. from the type of harm he suffered as a result of Defendants' breach.

42.  Defendants' breach of these statutory duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

## THIRD CAUSE OF ACTION
### (Premises Liability as to Defendants Brittain, Caribbean Resort, Homeowners Association, and Ally Management)

43.     Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

44.     Plaintiffs were invitees to the Caribbean Resort & Villas and its amenities, including the pools.

45.     As invitees, Plaintiffs were owed a duty by Defendants Brittain, Caribbean Resort, Homeowners Association, and Ally Management to exercise ordinary care for the Plaintiffs' safety.

46.     Defendants Brittain, Caribbean Resort, Homeowners Association, and Ally Management breached the duty of ordinary care by choosing to allow the chlorine and pH level of the pools at Caribbean Resort & Villas to rise to dangerous, illegal levels in violation of state law.

47.     Defendants Brittain, Caribbean Resort, Homeowners Association, and Ally Management's breach of these duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

48.     In addition to the actual damages referenced above, Plaintiffs are entitled to punitive damages based on Defendants' recklessness and willfulness.

WHEREFORE, Plaintiffs pray that they recover (a) a judgment against the Defendants in an amount sufficient to fully compensate them for their actual damages as described above; (b) a judgment for an amount of punitive damages as authorized by law; (c) all costs associated with this action; and (d) such other relief as this Court may deem just and proper.

LAW OFFICE OF KENNETH E. BERGER, LLC


s/Kenneth E. Berger
Kenneth E. Berger | kberger@bergerlawsc.com
Fed. Bar No. 11083
Joel S. Hughes | jhughes@bergerlawsc.com
Fed. Bar No. 09796
5205 Forest Drive
Columbia, South Carolina 29206
Telephone: (803) 790-2800
Facsimile: (803) 790-2870

AND

TRIAL LAWYERS FOR JUSTICE

Brian J Ward | brianward@TL4J.com
Erin L. Powers | erin@TL4J.com
548 Market St PMB 66906
San Francisco, CA 94104
Telephone: (310) 855-3727 ext. 415
Facsimile: (310) 855-3595
*Attorneys for the Plaintiffs*


Columbia, South Carolina
July 28, 2022